1

2

3

4

5



X Priority
X Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3



FILED

APR - 3 2000

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY_____ DEPUTY

6                    UNITED STATES DISTRICT COURT

7                    CENTRAL DISTRICT OF CALIFORNIA

8                         SOUTHERN DIVISION

9   TONY WHITTAKER,                )   Case No. SA CV 99-1452-GLT(EEx)
                                    )
10            Plaintiff,           )   [TENTATIVE] ORDER GRANTING
                                    )   MOTION TO DISMISS WITH LEAVE TO
11      vs.                         )   AMEND
                                    )
12  BROOKS PROTECTIVE SERVICES, et al.)
                                    )   Calendar Item # 16
13            Defendants.          )
                                    )
    _____)

14

15       Defendants' motion is GRANTED with 20 days leave to amend.

16                         I. <u>BACKGROUND</u>

17       Plaintiff filed a long complaint alleging claims against his

18  former employer and a number of other defendants.  His claims include

19  civil rights claims, § 1983 claims under a number of Constitutional

20  provisions, and several tort claims.

21       The claims at issue here involve Defendant Milner Hotels and its

22  proprietor Defendant Ravishankar Vavulli, both of which he alleges

23  assisted the police in harassing him while he was a tenant of Milner

24  Hotels.

25       On January 10, 2000, this Court granted these two defendants'

26  motion to dismiss for failure to state a claim.  The Court later

27  granted Plaintiff's Rule 60 motion in part and allowed him to file

28  amended claims against these defendants.

ENTERED ON ICMS
APR - 3 2000

1       On February 11, 2000, Plaintiff filed his First Amended

2  Complaint.  Defendants Milner Hotels and Vavulli again move to dismiss

3  for failure to state a claim.[1]

4                          II. DISCUSSION

5  A.   Rule 8

6       As an initial matter, the Court notes Plaintiff's First Amended

7  Complaint violates Rule 8.  Rule 8(a) requires a complaint to be "a

8  short and plain statement of the claim."  Rule 8(e) requires the

9  allegations to be "simple, concise, and direct."

10      In its Order of February 3, 2000, the Court noted the original

11 complaint was too long and difficult to understand.  The Court

12 cautioned Plaintiff any amended complaint should be "a short statement

13 of specific facts showing why each particular defendant is liable."

14      Plaintiff has not complied with Rule 8 or the Court's Order.  The

15 First Amended Complaint is nearly twice as long as the original

16 complaint, and its claims are still difficult to understand.  It

17 consists mainly of extended rambling factual allegations, without any

18 clear connection to the legal claims asserted.  Many of the facts

19 discussed in the First Amended Complaint are not relevant to

20 Plaintiff's legal claims and do not help his case.  Until these

21 irrelevant allegations are removed, Defendants will be unable to

22 determine how they have allegedly injured Plaintiff and will be denied

23 the opportunity to fairly present their defense.

24      The Ninth Circuit, in cases similar to this one, has held

25 dismissal with prejudice is appropriate when a plaintiff repeatedly

26 ─────────────

27      [1] Plaintiff has filed a timely opposition, though it is
   incorrectly captioned a "Motion in Opposition."  The Court will
   treat this document as a standard opposition to Defendants'

28 motion.

1 | fails to comply with Rule 8.  See <u>McHenry v. Renne</u>, 84 F.3d 1172 (9th

2 | Cir. 1996); <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671 (9th

3 | Cir.1981).  Before dismissing with prejudice, however, "less drastic

4 | alternatives" should be attempted.  <u>Nevijel</u>, 651 F.2d at 673-74.

5 |      Plaintiff will be given another chance to amend his complaint to

6 | bring it into compliance with Rule 8 and this Court's orders.

7 | Plaintiff must state a <u>short</u>, <u>direct</u> claim.  If, however, Plaintiff's

8 | second amended complaint is not significantly shorter and more direct,

9 | the Court may have to dismiss the action with prejudice.

10 | B.  <u>Rule 12(b)(6)</u>

11 |      A claim should not be dismissed under Rule 12(b) unless it

12 | "appears beyond doubt that the plaintiff can prove no set of facts in

13 | support of his claim which would entitle him to relief." <u>Conley v.</u>

14 | <u>Gibson</u>, 355 U.S. 41, 45-46 (1957)  For the purposes of a motion to

15 | dismiss, courts "must presume all factual allegations are true and

16 | draw all reasonable inferences in favor of the non-moving party."

17 | <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987).

18 | Additionally, courts must assume all general allegations "embrace

19 | whatever specific facts might be necessary to support them." <u>Peloza</u>

20 | <u>v. Capistrano Unified School Dist.</u>, 37 F.3d 517, 521 (9th Cir. 1994).

21 |      The FAC alleges Defendants violated 42 U.S.C. §§ 1983 and 1985,

22 | Const. Art. IV § 2, the First Amendment and the Fourteenth Amendment.

23 | No independent causes of action exist under the cited Constitutional

24 | provisions, so the Court need only consider whether Plaintiff can

25 | state a claim against these Defendants under §§ 1983 and 1985.

26 |      Section 1983 creates a cause of action against a person who

27 | deprives another of a legal right while acting "under color of any

28 | statute, ordinance, regulation, custom, or usage."  The statute only

1    applies against state actors.  A private party may be held liable as a
2    state actor if it is "involved in [] a conspiracy" with state
3    officials or "is a willful participant in  joint activity with the
4    State or its agents."  <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 152
5    (1970).

6         Plaintiff has not provided specific, understandable factual
7    allegations of any conspiracy or willful participation by the moving
8    Defendants.  The FAC repeatedly makes the conclusory assertion Vavulli
9    "conspired" with the Los Angeles Police and describes various things
10   Vavulli and his employees did as a result of this alleged
11   "conspiracy."  Missing, however, are any specific factual allegations
12   supporting the actual existence of a conspiracy, such as meetings or
13   communications between Vavulli and the police.  Facts to show a
14   conspiracy are required.

15        Nor does the FAC contain any specific allegations Vavulli or
16   Milner Hotels "willfully" helped the police violate Plaintiff's
17   rights.  In fact, Plaintiff's opposition to this motion suggests the
18   moving Defendants were "unsuspecting" of the police officers' alleged
19   criminal intentions.  Opp. 2, 6.  If the moving Defendants were
20   "unsuspecting" participants, they cannot have been "willful
21   participants" or conspirators, and cannot be found liable under
22   § 1983.

23        For the same reasons, they also cannot be found liable for
24   conspiracy under § 1985.

25        Plaintiff's second amended complaint, if he chooses to amend
26   again, must cure these defects.
27   DATED: April 3, 2000

GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE