Priority ✗
Send ✗
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
OCT - 3 2000
CLERK, U S DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY                    DEPUTY

Docketed ___
Copies / NTC Sent
JS - 5 / JS-6
JS - 2 / JS - 3
CLSD

ENTER ON ICMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TONY WHITTAKER, | ) | Case No. SA CV 99-1452-GLT(EEx) |
| | ) | |
| Plaintiff, | ) | [~~TENTATIVE~~] ORDER GRANTING |
| | ) | FEDERAL DEFENDANTS' MOTION |
| vs. | ) | TO DISMISS SECOND AMENDED |
| | ) | COMPLAINT |
| BROOKS PROTECTIVE SERVICE, et al, | ) | |
| | ) | |
| Defendants. | ) | Calendar Item # 8 |
| | ) | |

The federal defendants' motion to dismiss the Second Amended Complaint is GRANTED, with 20 days leave to amend.

I. BACKGROUND

This motion involves three federal agencies, the Diplomatic Security Service, the Federal Bureau of Investigation ("FBI") and the U.S. Marine Corps. Plaintiff's third cause of action alleges he has been "stalked by U.S. agents" who had "illegally formed a 'CABAL'" to persecute him. 2d Amended Complaint at ¶ 245. In addition, the third cause of action discusses the alleged conspiracy with the Saudi royal family and alleges Defendants violated his "Civil and Constitutional Rights...and his

177

Rights pursuant to 28 C.F.R. § 50.12." Id. at ¶ 256. In Plaintiff's fourth cause of action, he alleges Defendants caused Plaintiff to remain confined in his home "or risk another staged threat on his life by these law enforcement individuals or their Secret Clique Group Members." 2d Amended Complaint at ¶ 393. Plaintiff brings this cause of action for "false imprisonment." Id. at 91.

Defendants move to dismiss the complaint.

## II. ANALYSIS

A claim should not be dismissed under Rule 12(b) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). For the purposes of a motion to dismiss, courts "must presume all factual allegations are true and draw all reasonable inferences in favor of the non-moving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Additionally, courts must assume all general allegations "embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified School Dist., 37 F.3d 517, 521 (9th Cir. 1994).

A. Rule 8

Moving Defendants argue Plaintiff's Second Amended Complaint violates Rule 8. Rule 8(a) requires a complaint to be "a short and plain statement of the claim." Rule 8(e) requires the averments of pleadings to be "simple, concise, and direct."

Rule 8 and other pleading requirements, however, do not require pleadings to be technically perfect. Rule 8 also provides

"[n]o technical forms of pleading . . . are required" and "[a]ll pleadings shall be so construed as to do substantial justice." As long as a pleading adequately frames the issues in an action and gives the defendants notice of a plaintiff's claims, dismissal is not proper.

Plaintiff has shortened his complaint by about twenty pages. He has included a factual chronology ("History of Facts") at the beginning of the Second Amended Complaint (SAC). An even shorter complaint would be preferable. Length, however, is not the only consideration under Rule 8. Though Plaintiff's SAC is only slightly shorter, it is significantly more "direct." It is now easier for the defendants to understand the allegations supporting Plaintiff's claims. See, e.g., Defendants' Motion to Dismiss at 5-8. Any noncompliance with Rule 8 does not warrant dismissal.

B. Constitutional Tort Claims

1. Sovereign Immunity

The "United States, as a sovereign, is immune from suit save as it consents to be sued,...and terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (citing United States v. Testan, 424 U.S. 392, 399 (1976)). The United States and its agencies cannot be sued on Bivens theories. See, e.g., Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991); Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1985). This is because a Bivens suit may be brought against a federal official only in his individual rather than his official capacity. Holloman v. Watt, 708 F.2d 1399, 1402 (9th Cir. 1983).

The Defendants in this motion are all Federal agencies and have not waived their right to sovereign immunity. No federal official is being sued in his official capacity. Plaintiff's Constitutional causes of action against all Federal agencies fail.

2. Respondent Superior and Derivative Liability

A plaintiff may not recover damages on a constitutional tort without evidence the injuries were caused by a Federal officer acting within the parameters of his authority. Otto v. Heckler, 781 F.2d 754, 757 (9th Cir. 1986). Plaintiff must show an active and personal involvement by each defendant in the activity which is the basis for the alleged constitutional violation. See Rizzo v. Goode, 423 U.S. 362, 373 (1976); Boettger v. Moore, 483 F.2d 86, 87 (9th Cir. 1973) (a defendant official must be directly involved in the challenged conduct). Thus, federal officials may not be held vicariously liable for the acts of subordinates under the doctrine of respondent superior. See, e.g., Hansen v. Black, 885 F.2d 642 (9th Cir. 1985); Fayle v. Stapley, 607 F.2d 858 (9th Cir. 1979).

Plaintiff has not demonstrated "personal" involvement by federal officers acting "within the parameters" of their authority. Otto, at 757.

Even if Plaintiff had named specific supervisors, there is no indication any of them played a personal role in the alleged violation of Plaintiff's rights. In a § 1983 action vicarious liability may not be imposed on a state or municipal official for the acts of lower officials in the absence of a state law imposing such liability. Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979); see also Boettger v.

-4-

Moore, 483 F.2d 86, 87 (9th Cir. 1973); Hesselgesser v. Reilly, 440 F.2d 901, 903 (9th Cir. 1971). Plaintiff has cited no California law which would impose vicarious liability on any of the Federal Defendants named. See Mosher, at 441.

### 3. Failure to State a Constitutional Claim

In sum, Defendants have demonstrated they may not be sued for damages as they have not waived their sovereign immunity. Even if sovereign immunity were not at issue, Plaintiff's constitutional claims fail under the theory of respondent superior. Thus, Defendant's motion for dismissal is GRANTED with respect to the constitutional claims.

### C. Common Law Tort Claims

Common law tort claims may be based only upon torts committed by federal employees within the course and scope of their employment. Such claims are cognizable only under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), and 2571-2680. The FTCA provides the exclusive remedy for torts committed by federal employees acting within the course and scope of their employment. See 28 U.S.C. § 2679(b)(1); United States v. Smith, 499 U.S. 160, 173 (1991).

In order to bring an action on a claim brought under the FTCA, a plaintiff must first exhaust his administrative remedies by presenting the claim to the appropriate agency. 28 U.S.C. § 2675(a). Failure to comply with the exhaustion requirement deprives the Court of subject matter jurisdiction over the claim. McNeil v. United States, 508 U.S. 106, 109 (1993); Jarvis v. United

States, 966 F.2d 517, 519, 520-21 (9th Cir. 1992).

In this case, Plaintiff has not alleged to have exhausted his administrative remedies with regard to the common law tort claims. Therefore, this Court has no jurisdiction to hear the civil claims. Jarvis, 966 F.2d at 519. No discussion of sovereign immunity is necessary, as jurisdiction under the FTCA is lacking. Defendant's motion for dismissal is GRANTED with respect to the civil claims.

DATED: ~~September~~ October 2, 2000

GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE