Priority ✗
Send ✗
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
OCT - 3 2000
CLERK, U S DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

Docketed ✓
Copies / NTC Sent ✓
JS-5/JS-6 ___
JS-2/JS-3 ___
CLSD ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TONY WHITTAKER, | Case No. SA CV 99-1452-GLT(EEx) |
| Plaintiff, | [TENTATIVE] ORDER GRANTING ROMAN CATHOLIC BISHOP'S MOTION TO DISMISS SECOND AMENDED COMPLAINT |
| vs. | |
| BROOKS PROTECTIVE SERVICE, et al, | |
| Defendants. | Calendar Item # 8 |

ENTER ON ICMS

Defendant Roman Catholic Bishop's motion to dismiss the Second Amended Complaint is GRANTED.

## I. BACKGROUND

The instant motion stems from the following factual scenario: When Plaintiff applied for employment at a high school operated by Defendant Roman Catholic Bishop, Plaintiff provided fingerprint cards to the school for purposes of a background check which was processed through the Santa Ana Police Department. Plaintiff alleges his records and fingerprint information were subsequently disseminated to the Orange County Sheriff and unnamed "others," who then attempted to implicate Plaintiff in various crimes. Plaintiff

1 claims Defendant, along with these other entities, are liable to him for the dissemination of records to law enforcement personnel under 28 C.F.R. § 50.12.

Defendant Roman Catholic Bishop has moved to dismiss the Complaint.

## II. ANALYSIS

### A. Motion to Dismiss the Complaint

A claim should not be dismissed under Rule 12(b) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). For the purposes of a motion to dismiss, courts "must presume all factual allegations are true and draw all reasonable inferences in favor of the non-moving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Additionally, courts must assume all general allegations "embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified School Dist., 37 F.3d 517, 521 (9th Cir. 1994).

### B. Section 50.12 Application to Defendant

28 C.F.R. § 50.12(a), entitled "Exchange of FBI identification records," states in relevant part:

> The Federal Bureau of Investigation...is authorized to expend funds for the exchange of identification records with officials of federal chartered or insured banking institutions to promote or maintain the security of those institutions and, if authorized by state statute...with officials of state and local governments for purposes of employment and licensing....Also...such records can be exchanged with certain segments of the securities industry, with registered futures associations, and with nuclear power plants. The records also may be exchanged in other instances as authorized by federal law.

1. Plaintiff argues by virtue of the statute stating, "records may also be exchanged in other instances as authorized by federal law," the statute encompasses Defendant in its scope and does not merely limit the exchange to the agencies listed or to the situations named in section 50.12(a).

2. The plain language of this statute, while not limiting, applies solely to the FBI and those government agencies working with it to examine identification records. While the statute does state, "[t]he records also may be exchanged in other instances as authorized by federal law," the statute refers to those records mentioned earlier in section 50.12(a) - those records exchanged by the FBI with and between other governmental agencies. The last sentence of section 50.12(a) is intended to place no limit the scope of the FBI's information exchange with other federal agencies, not to add non-federal agencies to the list.

3. Defendant, the Roman Catholic Bishop, is a non-governmental agency, and the exchanges of information Plaintiff alleges occurred were between Defendant, the Santa Ana Police Department, and the Orange County Sheriff's Deputies. Plaintiff's Second Amended Complaint at 66. Because neither the Police Department nor the Sheriff's Deputies are federal agencies,[1] section 50.12 does not apply to Defendant Roman Catholic Bishop.

---

[1] Although Plaintiff states in his opening facts that other entities (including several federal agencies) were involved and were conspiring with Defendant, he does not state so in his cause of action. Id. at 23-24.

C. Section 50.12 is not self-executing

28 C.F.R. § 50.12(b) states:

> The FBI Director is authorized...to approve procedures relating to the exchange of identification records. Under this authority...the FBI Criminal Justice Information Services (CJIS) Division has made all data on identification records available for such purposes. Records obtained under this authority may be used solely for the purpose requested and cannot be disseminated outside the receiving departments, related agencies, or other authorized entities.

"A constitutional provision is presumed to be self-executing unless a contrary intent is shown." Himaka v. Buddhist Churches of America, 919 F. Supp. 334 (N.D.Cal. 1995) (relying on Fenton v. Groveland Comm. Services Dist., 135 Cal.App.3d 797, 805 (1982)). However, in California, a constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given force of law. Leger v Stockton Unified School Dist., 202 Cal.App.3d 1448, 1455 (1988)).

In Himaka, the Court stated the California Constitutional provision at issue in the case did not provide "rules by means of which" the principles at issue could be given force of law. Himaka, 919. F. Supp. at 334 (citing Leger, 202 Cal.App.3d at 1455). The Court stated the provisions in a Section 8 private action for employment discrimination [were] devoid of "guidelines, mechanisms or procedures from which a damages remedy could be inferred." Id. Defendant argues, by analogy, section 50.12

should not be considered self-executing, although it is a federal provision.

Plaintiff argues this statute is a self-executing document, and section 50.12(b) advises the "identification records obtained from the FBI may be used solely for the purpose requested and may not be disseminated outside the receiving department, related agency, or other authorized entity." Plaintiff also argues the statute is designed not only to protect the public, but to protect the individual who is having his or her information checked. Plaintiff argues that, had the Defendant actually checked the record, it would have seen that his record was clear of any wrongdoing.

By analogy to Himaka, the Court finds that § 50.12 is not a self-executing provision of the Code of Federal Regulations. Although there is language in the statute setting out improper behavior by the FBI - unauthorized dissemination of information records - no language or indication in the statute indicates the statute is the basis for an independent cause of action. Nowhere in the statute is there set out "guidelines, mechanisms or procedures from which a damages remedy could be inferred." Himaka, at 334 (citing Leger, at 1455).

Even if the statute were a self-executing provision, the statute does not apply to Plaintiff. Plaintiff does not allege any records were ever disseminated to or from the FBI in the instant case; the only dissemination he alleges was to the Santa Ana Police Department and to the Orange County Sheriff's Deputies and all else Plaintiff infers as part of the operation to frame him. Plaintiff's Second Amended Complaint at 66. In addition,

Plaintiff was not denied employment based on these records; he was hired by Defendant as a Campus Security Officer. Id. at 66. Plaintiff contends that the Santa Ana Police officers induced Defendant to <u>fire</u> him. Id. at 67. There are no FBI interferences alleged in Plaintiff's Complaint, and therefore, Section 50.12 does not apply.

The Defendant's motion to dismiss is GRANTED.

DATED: October 2, 2000

GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE