Priority Send
Enter ☒
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| TONY R. WHITTAKER, | ) | Case No. SA CV 99-1452-GLT(EEx) |
|---|---|---|
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| vs. | ) | MOTION FOR SUMMARY JUDGMENT |
| BROOKS PROTECTIVE SERVICE, et al, | ) | ✓ Docketed  ✓ Copies / NTC Sent  ___ JS-5/JS-6  ___ JS-2/JS-3  ___ CLSD |
| Defendants. | ) | |

Defendant County of Orange's Motion for Summary Judgment is GRANTED.

I. BACKGROUND

Plaintiff, representing himself, alleges claims against his former employer and a number of other defendants. His claims include civil rights claims, § 1983 claims under a number of Constitutional provisions, and several tort claims.

Plaintiff worked as a security guard and in 1998 was assigned to a security detail for a visit by the Saudi royal family. As a result of some incidents with servants of the Saudi royal family, Plaintiff alleges his superiors began to falsely suspect him of terrorist activities. Plaintiff alleges that, as a result, several police

G:\DOCS\GLTALL\LC2\CIVIL\1999\99-1452 msjocsd

ENTER ON ICMS
MAY - 9 2001

departments and other government agencies conspired to monitor and harass him. He also alleges several private defendants participated in deprivations of his rights.

Plaintiff has responded to Interrogatories from the County of Orange Defendants, who now move for summary judgment.

## II. DISCUSSION

### A. Res Judicata

Summary judgement is not appropriate on res judicata grounds in this case.

The doctrine of res judicata may be applied only when there is a final judgment on the merits. See Clifton v. Attorney General of State of Cal., 997 F.2d 660, 663 (9th Cir. 1993) (relying on Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)).

Defendant argues case number 99-1471-GLT (ANx) bars Plaintiff's claims against Defendants based on his allegations that certain Defendant County's employees deprived him of a federal right. However, the Court dismissed that case for lack of subject matter jurisdiction. There was no final judgment on the merits of Plaintiff's claims. Res judicata does not apply. See Clifton, at 663.

### B. Plaintiff's claims

This summary judgment motion has been in the making for a long time. At various dismissal motions, defendant has, in effect, been attacking the sufficiency of evidence to support Plaintiff's claims. In discussions with Plaintiff, the Court has requested plaintiff to state his claims as precisely as possible so the Court could see if there is any substance to them. It has been clear to all involved that a motion for summary judgment would eventually test whether

Plaintiff's concerns have a basis in evidence, or are only unsupported suspicions and conclusions.

The Court has carefully considered the materials presented by Plaintiff in response to this motion, his discovery responses,[1] and the presentations by the parties at the hearing on this motion.[2] Plaintiff does not present admissible, non-conclusory evidence of a triable issue to support his assertions.

Plaintiff's response to the Interrogatories lists Orange County Social Service employees and Orange County Sheriff's Department employees who purportedly violated Plaintiff's constitutional rights. Plaintiff's description of the violation of these rights, however, is conclusory. Plaintiff has not shown any admissible evidence which would lead to a federal cause of action.

With regard to the Social Service employees, Plaintiff details his dissatisfaction with the process which ultimately led to the removal of his daughter from his custody. See Defendant's Statement of Uncontroverted Facts, Exh. C (Amended Answers to First Set of Interrogatories) at 3-5. Plaintiff also states the Social Service employees falsified information about him to deny him access to his daughter. Id.; see also Defendant's Statement of Uncontroverted Facts

---

[1] The Supplemental Answers to Interrogatories 2, 3, 5 and 7-13, were ordered by Magistrate Judge Edwards on December 1, 2000.

[2] Plaintiff contends Defendant "omitted the identification of many additional "County of Orange" employees in photographs and other material evidence alleged in Plaintiff's "Supplemental to Interrogatories" including parolees, gang members, drug addicts, and operatives from other "agencies," aided by "County of Orange" employees in committing criminal acts on Plaintiff." See Opposition, at 3-4. However, Plaintiff does not provide this information to the Court. Plaintiff also asks the Court to take into account "all incidents during Plaintiff's stay at St. Vincent De Paul Village Shelter...prior to, and including the failed plans to murder Plaintiff...." See Opposition, at 4.

Exh. D (Supplemental Answers To Interrogatories), at 6. Without evidentiary detail, reports of this kind of family matter do not rise to the level of a Constitutional violation or a federal action for Defamation.

Plaintiff also contends the Social Services Department conspired with the Orange County Sheriff's Department to frame him. See id. at 4-5. Plaintiff has not shown any evidence of a conspiracy between the Orange County Social Services Department and the Sheriff's Department to frame him.

With regard to the Sheriff's Department employees, Plaintiff contends several officers acted to frame him for various crimes, to take his property, and to attack him. For example, Plaintiff states unnamed employees unlawfully disseminated and misused Plaintiff's fingerprint records and other information to frame him, invaded his privacy through wiretaps and other records, forced him into an automobile accident and then impounded his car, threatened and tried to hit Plaintiff with vehicles, and stalked Plaintiff with criminal intent. Without any evidence to support them, these allegations are conclusory. Plaintiff has not provided any evidence the Sheriff's Department is connected to these claimed acts, or has acted unlawfully or in violation of any of Plaintiff's Constitutional rights.

Without admissible specific evidence connecting County of Orange employees to these conclusory allegations, Plaintiff cannot demonstrate any violation of his Constitutional rights or tort has occurred. The Court has watched carefully during the development of this case to see if Plaintiff can show evidence or particularization to support the numerous allegations of wrongs he claims have been done to him. Despite ample time, he has failed to show evidence of claims

1 | within the jurisdiction of this Court.
2 |    The motion for summary judgment is GRANTED.
3 |
4 | DATED: May __8__, 2001.

                                      GARY L. TAYLOR
                                      UNITED STATES DISTRICT JUDGE