Priority
Send        X
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| TONY WHITTAKER, | ) | Case No. SA CV 99-1452-GLT(EEx) |
|---|---|---|
| Plaintiff, | ) | ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT |
| vs. | ) | |
| BROOKS PROTECTIVE SERVICE, et al., | ) | |
| Defendants. | ) | |

_ Docketed
_ Copies/ NTC Sent
N JS - 5 /JS - 6
_ JS - 2 / JS - 3
_ CLSD

The federal defendants' motion to dismiss the Second Amended Complaint with prejudice is GRANTED.

I. BACKGROUND

This motion involves three federal agencies: the Diplomatic Security Service, the Federal Bureau of Investigation ("FBI") and the U.S. Marine Corps. Plaintiff's third cause of action alleges he has been "stalked by U.S. agents" who had "illegally formed a 'CABAL'" to persecute him. SAC at ¶ 245. In addition, the third cause of action discusses the alleged conspiracy with the Saudi royal family and alleges Defendants violated his "Civil and Constitutional Rights ... and his Rights pursuant to 28 C.F.R. § 50.12." Id. at ¶ 256. In Plaintiff's fourth cause of action, he alleges Defendants caused

ENTER ON ICMS
JUL 27 2001

G:\DOCS\GLTALL\LC2\CIVIL\1999\99-1452\99-1452.mtd7ten

Plaintiff to remain confined in his home "or risk another staged threat on his life by these law enforcement individuals or their Secret Clique Group Members." SAC at ¶ 393. Plaintiff brings this cause of action for "false imprisonment." Id. at 91.

Plaintiff filed Revised Amended Paragraphs ("RAP") which alleged, among other things, that Federal Agents wrongfully accused Plaintiff of "possible involvement" with terrorists. In addition, the RAP alleged the Defendants were involved with a conspiracy to frame Plaintiff for crimes with respect to visiting Saudi royals.

Defendants move to dismiss the complaint with prejudice.

## II. ANALYSIS

A claim should not be dismissed under Rule 12(b) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). For the purposes of a motion to dismiss, courts presume factual allegations are true and draw all reasonable inferences in favor of the non-moving party. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

A.  Constitutional Tort Claims

1.  Sovereign Immunity

The "United States, as a sovereign, is immune from suit save as it consents to be sued,...and terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (citing United States v. Testan, 424 U.S. 392, 399 (1976)). The United States and its agencies cannot be sued on Bivens theories. See, e.g., Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991); Arnsberg v. United States, 757 F.2d

971, 980 (9th Cir. 1985). This is because a <u>Bivens</u> suit may be brought against a federal official only in his individual rather than his official capacity. <u>Holloman v. Watt</u>, 708 F.2d 1399, 1402 (9th Cir. 1983).

The Defendants in this motion are all Federal agencies and have not waived their right to sovereign immunity. No federal official is being sued in his official capacity. Plaintiff's Constitutional causes of action against all Federal agencies fail.

2. <u>Respondent Superior and Derivative Liability</u>

A plaintiff may not recover damages on a constitutional tort without evidence the injuries were caused by a Federal officer acting within the parameters of his authority. <u>Otto v. Heckler</u>, 781 F.2d 754, 757 (9th Cir. 1986). Plaintiff must show an active and personal involvement by each defendant in the activity which is the basis for the alleged constitutional violation. See <u>Rizzo v. Goode</u>, 423 U.S. 362, 373 (1976); <u>Boettger v. Moore</u>, 483 F.2d 86, 87 (9th Cir. 1973) (a defendant official must be directly involved in the challenged conduct). Thus, federal officials may not be held vicariously liable for the acts of subordinates under the doctrine of respondent superior. <u>See, e.g.</u>, <u>Hansen v. Black</u>, 885 F.2d 642 (9th Cir. 1985); <u>Fayle v. Stapley</u>, 607 F.2d 858 (9th Cir. 1979).

In his RAP, Plaintiff names one specific federal employee, Pamela Gary, who is an alleged Diplomatic Security Service agent, and alleges facts which, if true, could show she played a personal role in the alleged violation of Plaintiff's rights. RAP at 4, 5. Plaintiff alleges Gary, among other things, wrongfully accused Plaintiff of "possible involvement" with terrorists, conspired with the FBI and

Secret Service agents to frame Plaintiff for crimes he did not commit, and formed a secret cabal while obstructing justice. RAP, at 4, 9-10.

However, in a section 1983 action, vicarious liability may not be imposed on a state or municipal official for the acts of lower officials in the absence of a state law imposing such liability. Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979); see also Boettger v. Moore, 483 F.2d 86, 87 (9th Cir. 1973); Hesselgesser v. Reilly, 440 F.2d 901, 903 (9th Cir. 1971). The Court is unaware of any California law which would impose vicarious liability on any of the Federal Defendants named for acts of any lower official, including Pamela Gary. See Mosher, at 441.

3. Failure to State a Constitutional Claim

In sum, Defendants have demonstrated they may not be sued for damages as they have not waived their sovereign immunity. Even if sovereign immunity were not at issue, Plaintiff's constitutional claims fail under the theory of respondent superior. Thus, Defendant's motion for dismissal is GRANTED on the constitutional claims.

B. Common Law Tort Claims

Common law tort claims may be based only on torts committed by federal employees within the course and scope of their employment. Such claims are cognizable only under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), and 2571-2680. The FTCA provides the exclusive remedy for torts committed by federal employees acting within the course and scope of their employment. See 28 U.S.C. § 2679(b)(1); United States v. Smith, 499 U.S. 160, 173 (1991).

In order to bring an action on a claim brought under the FTCA, a plaintiff must first exhaust his administrative remedies by presenting

1  the claim to the appropriate agency. 28 U.S.C. § 2675(a). Failure to
2  comply with the exhaustion requirement deprives the Court of subject
3  matter jurisdiction over the claim. McNeil v. United States, 508 U.S.
4  106, 109 (1993); Jarvis v. United States, 966 F.2d 517, 519, 520-21
5  (9th Cir. 1992).
6       In this case, Plaintiff has not alleged to have exhausted his
7  administrative remedies on the common law tort claims. Therefore,
8  this Court has no jurisdiction to hear the civil claims. Jarvis, 966
9  F.2d at 519. No discussion of sovereign immunity is necessary, as
10 jurisdiction under the FTCA is lacking. Defendant's motion for
11 dismissal is GRANTED on the civil claims.[1]
12 DATED: July 25, 2001

   _____
   GARY L. TAYLOR
   UNITED STATES DISTRICT JUDGE

---

[1]/Denial is with prejudice. Plaintiff has had numerous chances to set out facts which would lead to a viable claim.