Priority ✗
Send ✗
Enter ✗
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY WHITTAKER,<br><br>    Plaintiff,<br><br>vs.<br><br>BROOKS PROTECTIVE SERVICE, et al.,<br><br>    Defendants. | Case No. SA CV 99-1452-GLT(EEx)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS SECOND AMENDED<br>COMPLAINT |

The Motion of Defendants Milner Hotel, Inc. and Ravishankar Vavulli to Dismiss the Second Amended Complaint is GRANTED without leave to amend.

## I. BACKGROUND

Defendants, Milner Hotel, Inc. and Ravishankar Vavulli, the hotel's manager, (Defendants), bring this Motion to Dismiss Plaintiff's Second Amended Complaint alleging conspiracy claims against Defendants. Plaintiff, a former security employee, claims Defendants conspired with police to violate his rights while he was staying at the hotel. The Original Complaint was filed against the government and private entities for common law torts and Constitutional and Civil Rights violations in November 1999. Plaintiff initially brought defamation claims against Defendants, however, the Court granted Defendants' First Motion to Dismiss for

failure to state a claim in January 2000. In February 2000, Plaintiff filed the First Amended Complaint (FAC) alleging Defendants conspired with state officials to deprive Plaintiff of Constitutional and Civil Rights, but omitting defamation claims. In April 2000, the Court granted Defendants' Motion to Dismiss the FAC for failure to allege a factual basis of his Section 1983 and 1985 claims, and failure to allege a clear and concise statement of the facts. A few weeks later, Plaintiff filed a Second Amended Complaint (SAC) alleging conspiracy claims against Defendants.

## II. DISCUSSION

### A. Rule 8

Plaintiff's SAC violates Rule 8. Rule 8(a) requires a complaint to be "a <u>short</u> and <u>plain</u> statement of the claim." Rule 8(e) requires the allegations to be "<u>simple</u>, <u>concise</u>, and <u>direct</u>."

The Court's April 3, 2000, Order noted the FAC was too long and difficult to understand.[1] The Court cautioned Plaintiff any amended complaint should be a short statement of specific facts showing why each particular defendant is liable.

Plaintiff has not complied with Rule 8 or the Court's Order. The SAC is still not reasonably coherent, and only 6 pages shorter than the FAC's 48 pages. Several Paragraphs of the SAC contradict one another. SAC ¶¶ 170-72 <u>cf.</u> ¶ 313 (exemplifying confusing allegations where the date and alleged acts are indeterminable). The alleged facts do not support Plaintiff's conspiracy claim and the SAC contains many paragraphs identical to the FAC. These irrelevant and confusing

---

[1] The Court's February 3, 2000 Order dismissing the Original Complaint indicated the same deficiencies.

allegations do not explain how Defendants have injured Plaintiff or support Plaintiff's conspiracy claim.

The Ninth Circuit, in similar cases, has held dismissal without further leave to amend is appropriate when a plaintiff repeatedly fails to comply with Rule 8. See McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671 (9th Cir.1981).

Plaintiff was given leave to amend two times. In both instances, Plaintiff did not correct or modify the pleadings as instructed by the Court. The April 3, 2000 Order specifically warned:

> Plaintiff must state a _short_, _direct_ claim. If, however, Plaintiff's second amended complaint is not significantly shorter and more direct, the Court may have to dismiss the action with prejudice.

The SAC is not significantly shorter, more direct or more coherent. Plaintiff's failure to comply with Rule 8 and this Court's orders warrant dismissal of the SAC without further leave to amend.

B. <u>Rule 12(b)(6)</u>

A claim should not be dismissed under Rule 12(b) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). For the purposes of a motion to dismiss, courts "must presume all factual allegations are true and draw all reasonable inferences in favor of the non-moving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Additionally, courts must assume all general allegations "embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).

The SAC alleges Defendants violated 42 U.S.C. §§ 1983 and 1985. Section 1983 creates a cause of action against a person who deprives another of a legal right while acting "under color of any statute, ordinance, regulation, custom, or usage." The statute only applies against state actors. A private party may be held liable as a state actor if it is "involved in [] a conspiracy" with state officials or "is a willful participant in joint activity with the State or its agents." <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 152 (1970).

Plaintiff still has not alleged any specific factual allegations supporting the actual existence of a conspiracy. The SAC repeatedly makes conclusive assertions concerning alleged conspiracy activities, but Plaintiff has not provided understandable factual allegations of any particular acts of conspiracy or of Defendants' willful participation.

The SAC does not contain any specific allegations Defendants "willfully" helped the police violate Plaintiff's rights. The Opposition Papers assert Plaintiff warned Defendants of the police's criminal intention, suggesting Defendants did not know about the alleged police intent during and after their alleged involvement. Plaintiff also contends Defendants willfully participated in the alleged violations. These statements contradict each other, suggesting Defendants were unaware and knew about the conspiracy simultaneously to show willfulness. Liability under § 1983 requires willful participation. The SAC's contradictory allegations, which are nearly identical to the inadequate allegations in the FAC, do not establish willful participation. A mere allegation of conspiracy, without supporting factual allegations, is not sufficient.

G:\DOCS\GLTALL\LC2\CIVIL\1999\99-1452\99-1452-MTD-hotel&Vavuli.wpd

For the same reasons, Defendants cannot be found liable for conspiracy under § 1985.

Plaintiff was instructed to cure these same defects in the April 3, 2000 Order, which dismissed the FAC. The SAC fails to sufficiently plead the elements of a § 1983 or § 1985 claim and still does not provide a clear and concise statement of the facts. Defendants' Motion to Dismiss is GRANTED without further leave to amend.

The October 22, 2001, hearing is taken off-calendar.

DATED: October 19, 2001

GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE