


```
Priority   XX
Send       XX
Enter      XX
Closed    ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___
```

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TONY WHITTAKER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BROOKS PROTECTIVE SERVICE, et al.,<br><br>　　　　Defendants. | Case No. SA CV 99-1452-GLT(EEx)<br><br>ORDER GRANTING<br>CITY OF SANTA ANA'S<br>MOTION FOR SUMMARY JUDGMENT |

Defendant City of Santa Ana's Motion for Summary Judgment is GRANTED.

I. BACKGROUND

When Plaintiff applied for employment at Mater Dei High School, Plaintiff provided fingerprint cards to the school for purposes of a background check. The background check was processed through the Santa Ana Police Department. Plaintiff alleges his records and fingerprint information was later disseminated to the Orange County

Sheriff and unnamed "others," who then attempted to implicate Plaintiff in various crimes. Plaintiff claims the Santa Ana Police Department, along with these other entities, are liable to him for the dissemination of records to law enforcement personnel under 28 C.F.R. § 50.12. Plaintiff also alleges the Santa Ana Police Department then persuaded Mater Dei High School to terminate Plaintiff's employment in violation of his Fourteenth Amendment rights.

Defendant City of Santa Ana now moves for summary judgment.

## II. ANALYSIS

Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).

A. 28 C.F.R. § 50.12 Claim

28 C.F.R. § 50.12(b) states:

> The FBI Director is authorized...to approve procedures relating to the exchange of identification records. Under this authority...the FBI Criminal Justice Information Services (CJIS) Division has made all data on identification records available for such purposes. Records obtained under this authority may be used solely for the purpose requested and cannot be disseminated outside the receiving departments, related agencies, or other authorized entities.

Plaintiff claims this provision was violated when the Santa Ana Police Department allegedly distributed his fingerprints and background check to the Orange County Sheriff's Department. The City of Santa Ana argues 28 C.F.R. § 50.12 does not provide an independent cause of action as it is not self-executing.

A provision is presumed to be self-executing unless a contrary intent is shown. Himaka v. Buddhist Churches of America, 919 F. Supp. 334 (N.D.Cal. 1995) (relying on Fenton v. Groveland Comm.

Services Dist., 135 Cal.App.3d 797, 805 (1982)). In California, a provision "may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced." Leger v. Stockton Unified School Dist., 202 Cal.App.3d 1448, 1455 (1988)(citations omitted). A provision is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given force of law. Id.

In Himaka, the district court found the California Constitutional provision at issue did not provide "rules by means of which" the principles at issue could be given force of law. Himaka, 919. F. Supp. at 334 (citing Leger, 202 Cal.App.3d at 1455). The court stated the provisions in a Section 8 private action for employment discrimination were devoid of "guidelines, mechanisms or procedures from which a damages remedy could be inferred." Id.

By analogy to Himaka, the Court finds § 50.12 is not a self-executing provision of the Code of Federal Regulations.[1] Although there is language in the statute setting out improper behavior by the FBI - unauthorized dissemination of information records - no language or indication in the statute shows the statute is the basis for an independent cause of action. Nowhere in the statute is there set out "guidelines, mechanisms or procedures from which a damages remedy could be inferred." Himaka, at 334 (citing Leger, at 1455).

---

[1] Even if the statute were a self-executing provision, the statute does not apply to Plaintiff. Plaintiff does not allege any records were ever disseminated to or from the FBI. The only dissemination he alleges was to the Orange County Sheriff's Department and "others". See Plaintiff's Second Amended Complaint at 65-66. Section 50.12 does not cover such disseminations.

G:\GLTALL\LC2\CIVIL\1999\99-1452\99-1452.msj.wpd     3

B.  Fourteenth Amendment Claim

Plaintiff claims the Santa Ana Police Department caused him to be fired from his employment with Mater Dei High School in violation of his Fourteenth Amendment rights. Plaintiff asserts his constitutional claims directly under the Constitution, not by way of 42 U.S.C. § 1983.

Plaintiff may not bring an action directly under the United States Constitution against a municipality, and a section 1983 claim is the proper cause of action for violations of federal rights. Martinez v. City of Los Angeles, 141 F.3d 1373, 1382-1383 (1998).

Even construing Plaintiff's claim as a Monell claim under Section 1983, there is no triable issue. There is no indication of an official policy or custom of the Santa Ana Police Department to cause the constitutional injury alleged by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

Defendant City of Santa Ana's Motion for Summary Judgment is GRANTED.

DATED: November 30, 2001

GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE