

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TONY WHITTAKER, | ) Case No. SA CV 99-1452-GLT(EEx) |
| Plaintiff, | ) |
| vs. | ) ORDER GRANTING CITY OF |
| | ) WESTMINSTER'S MOTION FOR SUMMARY |
| | ) JUDGMENT |
| BROOKS PROTECTIVE SERVICE, et al., | ) |
| Defendants. | ) |

Defendant City of Westminster's Motion for Summary Judgment is GRANTED.

I. BACKGROUND

Plaintiff alleges Defendant City of Westminster engaged in "a pattern of racially biased, unwarranted scrutiny of [Plaintiff]" in violation of Plaintiff's civil rights. See Plaintiff's Second Amended Complaint (SAC) at 62-63. Plaintiff further alleges Defendant illegally disseminated Plaintiff's fingerprints in violation of 28 C.F.R. 50.12 and defamed Plaintiff by portraying him as a "AFRICAN

ARAB MUSLIM TERRORIST-ASSASSIN" and conspiring with other law enforcement agencies to create and publish a false criminal background for Plaintiff. Id.

Defendant City of Westminster now moves for summary judgment.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party in a summary judgment motion bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party makes this initial showing, the burden shifts to the nonmoving party to "designate specific facts showing that there is a genuine issue for trial." Id., 477 U.S. at 324, 106 S.Ct. at 2553 (citation omitted). In other words, the non-moving party must produce evidence that could cause reasonable jurors to disagree as to whether the facts claimed by the moving party are true.

In making a summary judgment determination, the Court must view the evidence presented in the light most favorable to the non-moving party, drawing "all justifiable inferences . . . in his favor." Anderson, 477 U.S. at 255, 106 S.Ct. at 2513. If the non-moving party

1  fails to present a genuine issue of material fact, the Court must
2  grant summary judgment. <u>Celotex</u>, 477 U.S. at 323-24, 106 S.Ct. at
3  2553. If the evidence of a genuine issue of material fact is "merely
4  colorable" or of insignificant probative value, summary judgment is
5  also appropriate. See <u>Anderson</u>, <u>supra</u>, 477 U.S. at 249-50, 106 S.Ct.
6  at 2511.

    B.   <u>28 C.F.R. § 50.12 Claim</u>

28 C.F.R. § 50.12(b) states:

> The FBI Director is authorized...to approve procedures relating to the exchange of identification records. Under this authority...the FBI Criminal Justice Information Services (CJIS) Division has made all data on identification records available for such purposes. Records obtained under this authority may be used solely for the purpose requested and cannot be disseminated outside the receiving departments, related agencies, or other authorized entities.

Plaintiff alleges this provision was violated when the Westminster Police Department allegedly distributed his fingerprints and background check to other law enforcement agencies and potential employers. The City of Westminster argues 28 C.F.R. § 50.12 does not provide a viable cause of action as it is not self-executing.

"A constitutional provision is presumed to be self-executing unless a contrary intent is shown." <u>Himaka v. Buddhist Churches of America</u>, 919 F. Supp. 334 (N.D.Cal. 1995) (relying on <u>Fenton v. Groveland Comm. Services Dist.</u>, 135 Cal.App.3d 797, 805 (1982)). In California, "a constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced." <u>Leger v. Stockton Unified School Dist.</u>, 202 Cal.App.3d 1448, 1455 (1988)(citations omitted). A constitutional provision is

not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given force of law. Id.

In Himaka, the district court found the California Constitutional provision at issue did not provide "rules by means of which" the principles at issue could be given force of law. Himaka, 919. F. Supp. at 334 (citing Leger, 202 Cal.App.3d at 1455). The Court stated the provisions in a Section 8 private action for employment discrimination [were] devoid of "guidelines, mechanisms or procedures from which a damages remedy could be inferred." Id.

By analogy to Himaka, the Court finds § 50.12 is not a self-executing provision of the Code of Federal Regulations. Although there is language in the statute setting out improper behavior by the FBI - unauthorized dissemination of information records - no language or indication in the statute indicates the statute is the basis for an independent cause of action. Nowhere in the statute is there set out "guidelines, mechanisms or procedures from which a damages remedy could be inferred." Himaka, at 334 (citing Leger, at 1455). Even if the statute were a self-executing provision, the statute does not apply to Plaintiff as Plaintiff does not allege any records were ever disseminated to or from the FBI in the instant case.

C. Fourteenth Amendment Claim

Plaintiff claims the Westminster Police discriminated against Plaintiff by conducting unwarranted "scrutiny" of Plaintiff in violation of his Fourteenth Amendment rights. Plaintiff asserts his constitutional claims directly under the Constitution and by way of 42 U.S.C. § 1983.

1  In Martinez v. City of Los Angeles, the Ninth Circuit held a
2  plaintiff may not bring an action directly under the United States
3  Constitution against a municipality where a section 1983 claim is the
4  proper claim for violations of federal rights. 141 F.3d 1373, 1382-
5  1383 (1998). The Ninth Circuit would not allow a direct action under
6  the Constitution against the Los Angeles Police Department even
7  though an action under 42 U.S.C. § 1983 could not be brought by the
8  plaintiff. Id. The Ninth Circuit recognized constitutional claims
9  against federal agents may be brought directly under the Constitution
10 where no statute specifically creates such a remedy under Bivens v.
11 Six Unknown Named Agents of the Federal Bureau of Narcotics. 403
12 U.S. 388 (1971). The Ninth Circuit declined to create a Bivens
13 action, however, where Congress provided adequate remedial mechanisms
14 for constitutional violations under Section 1983. Id. at 1382.
15     Under Martinez, Plaintiff cannot bring an action directly under
16 the Constitution against the City of Westminster where a Section 1983
17 claim exists.
18     D.  42 U.S.C. § 1983
19     Plaintiff also brings his constitutional claims under § 1983.
20 Plaintiff has not provided any evidence indicating a section 1983
21 claim could be supported. No evidence has been offered showing an
22 official policy or custom of the Westminster Police Department to
23 cause the constitutional injuries alleged by Plaintiff. See Monell
24 v. Department of Social Services, 436 U.S. 658, 694 (1978).
25 Defendant City of Westminster has offered the Declaration of Chief of
26 Police Cook stating the City of Westminster does not have a policy or
27 practice of : (1) following a person without probable cause; (2)
28

arresting a person without probable cause; (3) wiretapping a person's phone without a proper court order; or (4) harassing citizens. Plaintiff offers no evidence to refute this declaration and create a triable issue of fact.

E. <u>Defamation</u>

Plaintiff alleges Defendant defamed Plaintiff by wrongfully accusing him of being a "AFRICAN ARAB TERRORIST or CUBAN CRIMINAL." <u>See</u> SAC at ¶352. Plaintiff claims Defendant knew these statements were false when it published them to third parties and detrimentally affected Plaintiff's employment in a "secured Diplomatic Area." <u>Id.</u> at ¶353.

In opposition to Defendant's motion, Plaintiff merely restates the conclusory allegations contained in his Second Amended Complaint. Plaintiff offers no admissible non-conclusory facts to support a claim for defamation. Without such evidentiary support there is no genuine issue of material fact under this cause of action.

Defendant City of Westminster's Motion for Summary Judgment is GRANTED. The hearing on this motion scheduled for December 24, 2001, is taken off-calendar.

DATED: December 17, 2001

GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE