```
                                              Priority    XX
                                              Send        XX         FILED
                                              Enter       XX
                                              Closed      ___      JAN 11 2002
                                              JS-5/JS-6   ___
                                              JS-2/JS-3   ___    ERK, U.S. DISTRICT COURT
                                              Scan Only   ___    AL DISTRICT OF CALIFORNIA
                                                                SOUTHERN DIVISION AT SANTA ANA
                                                                               DEPUTY
```

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

```
                                                                    ENTERED

                       UNITED STATES DISTRICT COURT              JAN 14 2002

                       CENTRAL DISTRICT OF CALIFORNIA
                                                                CLERK, U.S. DISTRICT COURT
                              SOUTHERN DIVISION               CENTRAL DISTRICT OF CALIFORNIA
                                                                  SANTA ANA OFFICE
                                                              BY                  DEPUTY
```

TONY WHITTAKER,                    ) Case No. SA CV 99-1452-GLT(EEx)
                                   )
            Plaintiff,             )
                                   ) ORDER GRANTING CITY OF LOS ANGELES'
    vs.                            ) MOTION FOR SUMMARY JUDGMENT
                                   )
BROOKS PROTECTIVE SERVICE,         )             ✓ Docketed
et al.,                            )             ✓ Copies / NTC Sent
                                   )             ___ JS - 5 / JS - 6
            Defendants.            )             ___ JS - 2 / JS - 3
_____)             ___ CLSD

   Defendant City of Los Angeles' Motion for Summary Judgment is
GRANTED.

                            I.  BACKGROUND

   Plaintiff alleges Defendant City of Los Angeles engaged in "a
pattern of racially biased, unwarranted scrutiny of [Plaintiff]" in
violation of Plaintiff's civil rights. See Plaintiff's Second Amended
Complaint (SAC) at 62-63. Plaintiff further alleges Defendant
illegally disseminated Plaintiff's fingerprints in violation of 28
C.F.R. 50.12 and defamed Plaintiff by portraying him as an "AFRICAN

ENTER ON ICMS

JAN 14 2002

1  ARAB MUSLIM TERRORIST-ASSASSIN" and conspiring with other law
2  enforcement agencies to create and publish a false criminal background
3  for Plaintiff. Id.
4      Defendant City of Los Angeles now moves for summary judgment.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party in a summary judgment motion bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party makes this initial showing, the burden shifts to the nonmoving party to "designate specific facts showing that there is a genuine issue for trial." Id., 477 U.S. at 324, 106 S.Ct. at 2553 (citation omitted). In other words, the non-moving party must produce evidence that could cause reasonable jurors to disagree as to whether the facts claimed by the moving party are true.

In making a summary judgment determination, the Court must view the evidence presented in the light most favorable to the non-moving party, drawing "all justifiable inferences . . . in his favor." Anderson, 477 U.S. at 255, 106 S.Ct. at 2513. If the non-moving party

fails to present a genuine issue of material fact, the Court must grant summary judgment. Celotex, 477 U.S. at 323-24, 106 S.Ct. at 2553. If the evidence of a genuine issue of material fact is "merely colorable" or of insignificant probative value, summary judgment is also appropriate. See Anderson, supra, 477 U.S. at 249-50, 106 S.Ct. at 2511.

B. 28 C.F.R. § 50.12 Claim

28 C.F.R. § 50.12(b) states:

> The FBI Director is authorized...to approve procedures relating to the exchange of identification records. Under this authority...the FBI Criminal Justice Information Services (CJIS) Division has made all data on identification records available for such purposes. Records obtained under this authority may be used solely for the purpose requested and cannot be disseminated outside the receiving departments, related agencies, or other authorized entities.

Plaintiff alleges this provision was violated when the Los Angeles Police Department allegedly distributed his fingerprints and background check to other law enforcement agencies and potential employers. The City of Los Angeles argues 28 C.F.R. § 50.12 does not provide a viable cause of action as it is not self-executing.

"A constitutional provision is presumed to be self-executing unless a contrary intent is shown." Himaka v. Buddhist Churches of America, 919 F. Supp. 334 (N.D.Cal. 1995) (relying on Fenton v. Groveland Comm. Services Dist., 135 Cal.App.3d 797, 805 (1982)). In California, "a constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced." Leger v. Stockton Unified School Dist., 202 Cal.App.3d 1448, 1455 (1988)(citations omitted). A constitutional provision is

not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given force of law. Id.

In Himaka, the district court found the California Constitutional provision at issue did not provide "rules by means of which" the principles at issue could be given force of law. Himaka, 919. F. Supp. at 334 (citing Leger, 202 Cal.App.3d at 1455). The Court stated the provisions in a Section 8 private action for employment discrimination [were] devoid of "guidelines, mechanisms or procedures from which a damages remedy could be inferred." Id.

By analogy to Himaka, the Court finds § 50.12, though not a constitutional provision, is not a self-executing provision of the Code of Federal Regulations. Although there is language in the statute setting out improper behavior by the FBI - unauthorized dissemination of information records - no language in the statute indicates the statute is the basis for an independent cause of action. Nowhere in the statute is there set out "guidelines, mechanisms or procedures from which a damages remedy could be inferred." Himaka, at 334 (citing Leger, at 1455). Even if the statute were a self-executing provision, the statute does not apply to Plaintiff as Plaintiff does not allege any records were ever disseminated to or from the FBI in the instant case.

C. Fourteenth Amendment Claim

Plaintiff claims the Los Angeles Police discriminated against Plaintiff by conducting unwarranted "scrutiny" of Plaintiff in violation of his Fourteenth Amendment rights. Plaintiff asserts his constitutional claims directly under the Constitution and by way of


42 U.S.C. § 1983.

In <u>Martinez v. City of Los Angeles</u>, the Ninth Circuit held a plaintiff may not bring an action directly under the United States Constitution against a municipality where a section 1983 claim is the proper claim for violations of federal rights. 141 F.3d 1373, 1382-1383 (1998). The Ninth Circuit would not allow a direct action under the Constitution against the Los Angeles Police Department even though an action under 42 U.S.C. § 1983 could not be brought by the plaintiff. <u>Id.</u> The Ninth Circuit recognized constitutional claims against federal agents may be brought directly under the Constitution where no statute specifically creates such a remedy under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>. 403 U.S. 388 (1971). The Ninth Circuit declined to create a <u>Bivens</u> action, however, where Congress provided adequate remedial mechanisms for constitutional violations under Section 1983. <u>Id.</u> at 1382.

Under <u>Martinez</u>, Plaintiff cannot bring an action directly under the Constitution against the City of Los Angeles where a Section 1983 claim exists.

D. <u>42 U.S.C. § 1983</u>

Plaintiff also brings his constitutional claims under § 1983. Plaintiff has not provided any evidence indicating a section 1983 claim could be supported. No evidence has been offered showing an official policy or custom of the Los Angeles Police Department to cause the constitutional injuries alleged by Plaintiff. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978). Defendant City of Los Angeles has offered the Declaration of Lt. Dianne Burns stating the City of Los Angeles does not have a policy

or practice of : (1) following a person without probable cause; (2) arresting a person without probable cause; (3) wiretapping a person's phone without a proper court order; or (4) harassing citizens. Plaintiff offers no evidence to refute this declaration and create a triable issue of fact.

E. Defamation

Plaintiff alleges Defendant defamed Plaintiff by wrongfully accusing him of being an "AFRICAN ARAB TERRORIST or CUBAN CRIMINAL." See SAC at ¶352. Plaintiff claims Defendant knew these statements were false when it published them to third parties and detrimentally affected Plaintiff's employment in a "secured Diplomatic Area." Id. at ¶353.

In opposition to Defendant's motion, Plaintiff merely restates the conclusory allegations contained in his Second Amended Complaint. Plaintiff offers no admissible non-conclusory evidence to support a claim for defamation. Without such evidentiary support there is no genuine issue of material fact under this cause of action.

Defendant City of Los Angeles' Motion for Summary Judgment is GRANTED. The Court DENIES Defendant City of Los Angeles' Motion for Sanctions. The hearing on these motions scheduled for January 7, 2002, is taken off-calendar. Defendant is requested to submit for signature a short proposed Judgment.

DATED: January 10, 2002

GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE