Priority X
Send X
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
FEB - 7 2002
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

TONY WHITTAKER,

    Plaintiff,

vs.

BROOKS PROTECTIVE SERVICE, et al.,

    Defendants.

) Case No. SA CV 99-1452-GLT(EEx)
)
)
) ORDER GRANTING ROMAN CATHOLIC
) BISHOP'S MOTION FOR SUMMARY
) JUDGMENT
)
)
)
)
)

ENTER ON ICMS
FEB - 8 2002

    Defendant Roman Catholic Bishop of Orange's Motion for Summary Judgment is GRANTED.

## I. BACKGROUND

    Plaintiff's claim against Defendant Roman Catholic Bishop of Orange alleges a conspiracy between Mater Dei High School and various law enforcement agencies. See SAC at pp. 65-68. Plaintiff was employed with Mater Dei High School in October of 1998. Plaintiff alleges Mater Dei conspired with law enforcement to wiretap Plaintiff's telephone and computers, wrongfully use Plaintiff's

G:\GLTALL\LC2\CIVIL\1999\99-1452\msjmaterdei.wpd

fingerprint documents, and wrongfully terminate Plaintiff from employment. See SAC pp. 23-24, 66-67.

Defendant Bishop now moves for summary judgment.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). The moving party in a summary judgment motion bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party makes this initial showing, the burden shifts to the nonmoving party to "designate specific facts showing that there is a genuine issue for trial." Id., 477 U.S. at 324, 106 S.Ct. at 2553 (citation omitted). In other words, the non-moving party must produce evidence that could cause reasonable jurors to disagree as to whether the facts claimed by the moving party are true.

If the non-moving party fails to present a genuine issue of material fact, the Court must grant summary judgment. Celotex, 477 U.S. at 323-24, 106 S.Ct. at 2553.

### B. 14th Amendment Claims

Plaintiff asserts his claims against the Bishop directly under the 14th Amendment. See SAC at p. 65. A violation of the Fourteenth Amendment can only be maintained against a private individual where the individual acts "under color of law" or the actions amount to "state action." See Flagg Brothers Inc. v. Brooks, 436 U.S. 149 (1978). The Supreme Court has articulated four distinct approaches

1  to the state action question: public function, state compulsion,
2  nexus, and joint action. See Lugar v. Edmondson Oil Co., 457 U.S.
3  922, 939 (1982); George v. Pacific-CSC Work Furlough, 91 F.3d 1227,
4  1231 (9th Cir. 1996).

5  Plaintiff has provided no evidence of Bishop's "state action"
6  under any of the four approaches. Plaintiff offers only the same
7  conclusory allegations of conspiracy and wrongdoing found in the
8  Second Amended Complaint. See Plaintiff's Opposition. Such
9  allegations are not enough to withstand a motion for summary
10 judgment. Celotex, 477 U.S. at 323-24. Without a showing of "state
11 action," Plaintiff cannot maintain a Fourteenth Amendment claim
12 against Bishop.

13 Defendant Bishop's Motion for Summary Judgment is GRANTED. The
14 hearing scheduled for February 11, 2002, is taken off-calendar.

16 DATED: February 7, 2002

GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE